991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas J. SHUPERT, Plaintiff-Appellant,
v.
PRINGLE TRANSIT COMPANY, Defendant-Appellee.
 No. 92-1926.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Thomas J. Shupert, plaintiff-appellant, appeals from the judgment of the district court dismissing, pursuant to Fed.R.Civ.P. 37, his negligence action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have waived oral argument.
 
 
 3
 Shupert was employed by defendant aboard the maritime vessel, Paul Thayer. Shupert's complaint alleged that he was injured as a result of defendant's failure to provide a safe work place. A discovery cut-off date of April 3, 1992, was set by the court. As of that date, plaintiff had provided no discovery to defendant, and had not appeared at the case management conference although ordered to do so by the court. Upon defendant's motion to dismiss and for sanctions, a judgment was entered dismissing Shupert's action.
 
 
 4
 The dismissal of an action pursuant to Rule 37 is reviewed for an abuse of discretion. Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). The dismissal of an action "is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Id. at 153-54. The factors relevant in reviewing a dismissal of an action are whether the party had the ability to comply with the order, whether the opposing party was prejudiced by the dismissed party's failure to cooperate in discovery, whether the dismissed party was warned of the possible consequences of his failure to cooperate, and whether less drastic sanctions were initially imposed or considered before dismissing the case. Id. at 155. Furthermore, "it is not an abuse of discretion to dismiss, even though other sanctions might be workable, if dismissal is appropriate on the facts." Id.
 
 
 5
 We conclude that the district court did not abuse its discretion as dismissal was clearly supportable on the facts of this case. Shupert failed to provide any discovery to the defendant. The case management and scheduling order stated that "the parties will stipulate to an independent medical examination to be scheduled forthwith." Soon after, defendant served plaintiff's counsel with a notice of deposition. Shupert did not appear for his deposition and medical examination. The case management and scheduling order also stated a deadline of March 13 for any response to the first set of interrogatories and request for production of documents. The interrogatories were never answered, and no documents were ever produced. The case management and scheduling order also called for a discovery conference to be held on March 26. Shupert was ordered to be present at that conference. The conference was held, but Shupert did not appear. Therefore, the court ordered that Shupert produce the medical authorizations requested by defendant by the close of business of Friday, March 27. Shupert never produced these medical authorizations. Shupert had been warned in both the case management and scheduling order and the case management conference order that failure to comply with those orders might result in dismissal of Shupert's case. Based upon our review of the record and the briefs of the parties, we are satisfied that the district court did not abuse its discretion in concluding that Shupert's conduct subjected his case to dismissal pursuant to Rule 37.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation